**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Armando LOZANO–SALAZAR,**
**Defendant–Appellant.**

**No. 03–40791.**
**Conference Calendar**

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 2003.

James Lee Turner, Assistant US Attorney, David Hill Peck, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Roland E Dahlin, II, Federal Public Defender, Rudy Xavier Rodriguez, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM.*

Armando Lozano–Salazar appeals his conviction of being found in the United

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

States following deportation after conviction of an aggravated felony. He argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense. Lozano–Salazar's argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *Apprendi v. New Jersey*, 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), did not overrule that decision. *See United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). Thus, the district court did not err in sentencing Lozano–Salazar under 8 U.S.C. § 1326(b).

AFFIRMED.